**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.

In re Application of PALANTIR TECHNOLOGIES INC.
for an Order Pursuant to 28 U.S.C. § 1782 to Obtain
Discovery for Use in Foreign Proceedings

---

**PALANTIR TECHNOLOGIES INC.'S APPLICATION AND PETITION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

---

Applicant Palantir Technologies Inc., by and through its undersigned attorneys, submits this Application for limited discovery pursuant to 28 U.S.C. § 1782 in aid of a pending litigation in Munich, Germany.   For the reasons below, Palantir respectfully requests this Court grant this Application and (i) permit the issuance of the subpoena on Marc L. Abramowitz attached herein as Exhibit C, (ii) direct Abramowitz to produce documents responsive to the subpoena within five (5) days of service, and (iii) order such other relief as this Court deems just and proper.   A proposed order is attached herein as Exhibit D.

## I.      PRELIMINARY STATEMENT

Palantir brought the German litigation against Abramowitz (file no. 21 O 11054/18, the "German Proceeding") in 2018 in the Regional Court Munich 1 in Munich, Germany (the "German Court").   An evidentiary hearing is scheduled in the German Proceeding for October 21 and 22, 2021.   This Application seeks the production of a single, and narrow, category of documents for use in the German Proceeding.   Section 1782 of Title 28 of the

U.S. Code permits a litigant in a foreign proceeding to obtain evidence in the U.S. for use in that foreign proceeding.  That is precisely what Palantir seeks to do here.

The underlying dispute concerns Abramowitz's attempt to take advantage of his position as a (purported) trusted advisor and early investor in Palantir to reap for himself profits at Palantir's expense by patenting, in his sole name, certain cyber-security and cyber-insurance inventions made by, and belonging to, Palantir.  The parties' dispute has resulted in litigation in Delaware (the "Delaware Action"), in California, before the United States Patent and Trademark Office ("U.S. PTO"), and in Europe.

As relevant here, to protect its intellectual property in Europe, on August 6, 2018, Palantir initiated the German Proceeding seeking a declaration that Abramowitz was not entitled to obtain the patents in Europe, and that Palantir, not Abramowitz, is entitled to patent the inventions described in them.  In the German Proceeding, Palantir seeks compensation for all damages suffered as a result of Abramowitz's filing of the patents in Europe and Germany (respectively filing the concerned international applications and naming the European Patent Organization's member states and Germany as designated states) and discontinuing these application proceedings.

Shortly after initiating the proceeding in Germany, Palantir brought an action in the Northern District of California ("California Court") pursuant to 28 U.S.C. § 1782 to obtain discovery to aid its claims in Germany ("California 1782 Action").  Palantir requested discovery related to Abramowitz's knowledge and understanding of the technology underlying the patents filed in Germany, his communications about that technology, and documents on which he intended to rely to support his entitlement to the patents. Rejecting Abramowitz's objections, the California Court granted Palantir's discovery request in November 2019, and Abramowitz produced documents in response to that subpoena.  For its part, Palantir produced over a thousand documents for Abramowitz to

use in the German Proceeding in response to reciprocal discovery propounded by Abramowitz.

In October 2020—two years after Palantir first sought Section 1782 discovery and nearly a year after that discovery was granted—Palantir deposed Abramowitz in connection with the Delaware Action (the "Abramowitz Deposition").  Through that deposition, Palantir sought to obtain testimony concerning its allegations that Abramowitz misappropriated Palantir's technologies and trade secrets underlying the at-issue patent applications.

An evidentiary hearing in the German Proceeding is now scheduled for October 21 and 22, 2021.  The German Court has specifically summoned Abramowitz to testify on questions and issues concerning his claim of inventorship of the technologies Palantir alleges he stole.  Shortly after the German Court summoned Abramowitz to testify, Palantir reached out to Abramowitz's counsel to see if they would agree to provide the transcript of the Abramowitz Deposition – which Abramowitz does not deny is relevant to the German Proceeding – in exchange for Palantir providing Abramowitz with the transcript of the Delaware Action deposition of Shyam Sankar, a Palantir employee and witness in the German Proceeding.  Under the proposed exchange each party would have reciprocal use of the deposition transcripts from the Delaware Action in the German Proceeding.  After not providing a substantive response for weeks, on September 13, Abramowitz declined.  Accordingly, Palantir brings this Application, in the district where Abramowitz now resides,[1] seeking the limited discovery of the Abramowitz Deposition transcript and related exhibits.  As demonstrated below, Palantir's Application should be granted.

---

[1] In 2021, Abramowitz relocated from California to Colorado, where he now resides.

First, as the court adjudicating Palantir's initial Section 1782 application already found, Palantir satisfies each statutory requirement for Section 1782 discovery. Palantir Technologies, Inc. v. Abramowitz, 415 F. Supp. 3d 907, 912 (N.D. Cal. 2019). Palantir is an interested person in the German Proceeding, in which Palantir has brought claims against Abramowitz. Abramowitz is found in this district, and the requested discovery is for use in the German Proceeding. The requirements of Section 1782 are accordingly satisfied. See id.

Second, the discretionary factors set out by the Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004) favor this Court granting the requested discovery. While Abramowitz is a party to the German Proceeding, the discovery Palantir seeks here is not available through the German Proceeding because the German Court cannot compel a party to submit documents. See Declaration of Wolrad Prinz Zu Waldeck Und Pyrmont, dated September 15, 2021, ¶ 7 ("Waldeck Decl."); Waldeck Decl., Ex. A-1 (2018 Waldeck Declaration), ¶ 13; Palantir Techs., 415 F. Supp. 3d at 913. Faced with similar situations, numerous courts, including the California Court, have granted 1782 discovery in aid of German proceedings, finding Section 1782 discovery to be the most effective and efficient way to obtain evidence that is clearly relevant to such proceedings. Importantly, though, German courts will accept assistance provided by a United States court as German courts routinely consider evidence obtained pursuant to Section 1782 where, as here, the discovery sought through Section 1782 is relevant to the issues being litigated in the German Proceeding. Indeed, Palantir has already submitted evidence obtained in connection with its first application to the German Court. Waldeck Decl., ¶ 3.

Nor can there be any credible argument that Palantir's request here is unduly burdensome. Palantir seeks a single deposition transcript and associated exhibits from

Abramowitz.  This is a narrow category, and one that Abramowitz can produce without the substantial effort that is typically required to collect and review documents. Abramowitz's counsel is in possession of these documents and could produce them to Palantir with little incremental effort.[2]

In short, Abramowitz has easily producible information that is highly relevant to the claims asserted in the German Proceeding, and this Court should grant Palantir the discovery it seeks to obtain this information.  Granting the Application will foster Section 1782's twin aims of providing efficient assistance to participants in international litigations and encouraging foreign countries to similarly assist our courts.  Permitting Section 1782 discovery is particularly appropriate here, because Abramowitz engaged in purposeful conduct in Europe, which then gave rise to the German Proceeding.  Palantir's Application should be granted.

## II.     FACTUAL BACKGROUND

### A.     The Parties

Palantir Technologies Inc. is headquartered in Denver, Colorado.  Palantir was founded in 2003, focusing on big data analytics.  With this purpose in mind, Palantir has been devoted for many years to the constant development, testing and invention of a wide variety of concepts for processing and analyzing data.  Palantir's objective is to create solutions that enable its customers to carry out the most efficient analysis and evaluation of data possible, as well as to create a user-friendly interface, both at the level of the data input and with regard to the presentation of its evaluation.

---

[2] In fact, Palantir is already in possession of Abramowitz's deposition transcript, and Abramowitz is already in possession of the deposition transcript of Shyam Sankar. However, Palantir cannot use the transcript in the German Proceeding or share it with its German counsel (or counsel representing it in this proceeding) under a protective order issued in the Delaware Action, unless the transcript is first produced pursuant to this Application.

The target of the requested discovery, Marc L. Abramowitz, resides in Aspen, Colorado.  Abramowitz was one of the early equity investors in Palantir.  Palantir Techs., 415 F. Supp. 3d at 909.  Over time, Abramowitz established close relationships with Palantir's founders, officers and employees.  See Waldeck Decl., Ex. A-2 (Palantir's Complaint in the German Proceeding), 5–6 (hereinafter, "German Complaint").

**B.      Abramowitz Misappropriates Palantir's Trade Secrets and Seeks To Patent Palantir's Inventions As His Own**

As detailed in Palantir's complaint in the German Proceeding, since the early days of Palantir, Abramowitz maintained frequent exchanges with Palantir and positioned himself as a trusted advisor to Palantir, enjoying its full confidence. In this context, Abramowitz engaged in regular discussions with Palantir's senior management about the company's most sensitive business strategies and trade secrets.  See German Complaint, at 6.

Since at least the beginning of 2013, a team of engineers at Palantir has been working on a project with the aim of developing systems and methods to better defend enterprises against cyber attacks on their networks.  One aspect of this project was the ability to share data on cyber attacks between different participants in a monitoring system, in order to defend against cyber attacks more efficiently and to also prevent cyber attacks.

During this same period, the same team at Palantir also addressed the need to improve cyber insurance systems.  Therefore, Palantir worked to develop a system that would permit the accurate determination of cyber attack risk.  To do so, Palantir wanted to take advantage of its ability to access and understand customer data in real time.

In 2014, Palantir informed Abramowitz about these inventions.  As with other conversations with Abramowitz, these conversations were confidential in nature, and Palantir shared the information with Abramowitz solely because of his close relationship

with the company and its management, which by this point had lasted for almost a decade.  Specifically, on June 10, 2014, Abramowitz met with one of Palantir's engineers in person to discuss the advances Palantir had made in cyber insurance.

Recognizing the utility of these advances, Abramowitz expressed a desire to lead Palantir's cyber insurance business.  See id. at 18. When Palantir declined, Abramowitz apparently decided to take Palantir's invention for himself, filing a patent application with the U.S. PTO. Abramowitz did so despite the fact that he has no scientific or technical training and has, instead, made his fortune through equity investing.

Evidently not satisfied with seeking a U.S. patent for the inventions developed by Palantir, on October 20 and 21, 2015, Abramowitz filed two international patent applications—WO 2016/064919 and WO 2016/065049.[3]  These applications became, inter alia, effective as European Patent Applications EP 15851807.6 ("EP 807") and EP 15852487.6 ("EP 487") (together, the "Cyber Patents").  See id. at 3, 7–8.  EP 807—the first of the two Cyber Patents—concerns a dynamic security rating for cyber insurance products designed by Palantir to provide a modern insurance information system in the cyber security context ("cyber insurance systems").  This system is tailored to the unique features of cyber security and the risks associated with potential cyber attacks in a way cyber insurance currently is not.  See id. at 9-10.  The second Cyber Patent, EP 487, concerns the need for efficient cyber attack control and cyber information sharing and relates to a system for the joined and coordinated detection, handling and prevention of cyber attacks.  See id. at 11-12.

After filing the Cyber Patents, Abramowitz failed to follow through with the European Patent Office within the prescribed period, which resulted in the Cyber Patents

---

[3] The applications listed the Contracting States to the European Patent Convention as "designated states" as well as, in particular, "European" states and Germany.  See German Complaint at 3.

being deemed withdrawn in the European and national context, thereby preventing Palantir from filing vindication actions.  Id. at 3.  As a consequence of Abramowitz's filing and subsequent abandonment, Palantir could no longer secure patent rights to its inventions without seeking judicial intervention.  Id.

### C.   Palantir Fights Back

When Palantir learned of Abramowitz's betrayal, it took steps to protect its inventions.  Among other things, Palantir brought interference proceedings before the U.S. PTO seeking to establish its rights with respect to the inventions claimed in Abramowitz's Cyber Patent applications.  Those proceedings remain pending as the U.S. PTO considers whether to grant Abramowitz's applications.  If the U.S. PTO decides to do so, it will, only then, adjudicate Palantir's claims, which are presently held in abeyance. Palantir also brought an action in California state court (which has since been removed to federal court) seeking damages for Abramowitz's breaches of contractual obligations and violations of California state law.  That action too is pending.  Separately, Abramowitz has commenced litigation in Delaware, allegedly seeking to vindicate his rights as Palantir's shareholder.

### D.   Palantir Commences the German Proceeding and Brings its First Application Pursuant to Section 1782

Seeking to protect its intellectual property in Europe from Abramowitz, on August 6, 2018 Palantir also brought an action in the Regional Court of Munich, Federal Republic of Germany, seeking a declaration that (i) Abramowitz was not entitled to file the Cyber Patents, and (ii) that it is Palantir, not Abramowitz, that is entitled to patent and profit from the discoveries underlying the Cyber Patents.  In addition, the complaint sought compensation for all damages suffered as a result of Abramowitz's filing and abandonment of the Cyber Patents.  Palantir also seeks a declaration that Abramowitz is

obliged to compensate Palantir for all damages suffered due to the filings of the Cyber Patents as a non-entitled person naming the parties to the European Patent Convention and Germany as designated states and then discontinuing these applications.   See Waldeck Decl., Ex. A-1 (2018 Waldeck Declaration), ¶ 8.

Shortly after initiating the German Proceeding, Palantir sought discovery pursuant to 28 U.S.C. § 1782 for use in the German Proceeding before the United States District Court for the District of Northern California.   See Rhee Decl., ¶¶  4, 8.   The discovery sought pertained to, *inter alia*, Abramowitz's knowledge and understanding of the technology underlying the Cyber Patents, his communications about that technology, and documents on which he intended to rely to support his entitlement to the Cyber Patents. Id. at ¶ 8.   After briefing by Palantir and Abramowitz and a hearing, and despite the "delay, delay, delay" strategy deployed by Abramowitz, Palantir's application was granted on November 22, 2019.   See Rhee Decl., Ex. B-1 (California 1782 Action Status Conference Transcript), 5:11 ("THE COURT: Abramowitz is just delay, delay, delay."); Palantir Techs., 415 F. Supp. 3d at 907.   Since the application was granted, Abramowitz has produced documents that have been submitted to the German Court, where briefing continued.   See Waldeck Decl., ¶ 3.   In turn, Palantir has produced over a thousand documents in response to a reciprocal discovery request made by Abramowitz.

### E.    The German Proceeding Progresses

On July 29 and August 2, 2021, the German Court issued a summons and guidance order directing Abramowitz, Palantir, and their designated witnesses to appear before the court for an evidentiary hearing to be held October 21-22, 2021 (the "Evidentiary Hearing").   See Waldeck Decl., Ex. A-3 (Evidentiary Hearing Summons); A-4 (Evidentiary Hearing Guidance Order).   The purpose of the Evidentiary Hearing is for the German Court to test the parties' evidence regarding the inventions underlying the

disputed patents, including whether and how Abramowitz invented the technologies underlying the patents at issue in the German Proceeding.  See Waldeck Decl., Ex. A-3 (Evidentiary Hearing Summons).  The German Court has already indicated that among the evidence it will take during the Evidentiary Hearing is evidence from Abramowitz concerning two of Abramowitz's allegations in the German Proceeding: (i) that Palantir's employees did not communicate a finished invention to Abramowitz; and (ii) that, contrary to Palantir's allegations, Abramowitz was not given details about the inventions in dispute during a conversation on June 10, 2014.  See Waldeck Decl., Ex. A-4 (Evidentiary Hearing Guidance Order), 7.

### F.    Abramowitz's Deposition Transcript

On October 1, 2020, Palantir deposed Abramowitz in the Delaware Action in both his personal capacity and as a representative of the entity through which Abramowitz invested in Palantir (KT4 Partners LLC).  As Palantir's deposition notice makes clear, Palantir sought to depose Abramowitz on various topics, including his alleged misappropriation of the technologies at issue.  See Rhee Decl., Ex. B-3 (Abramowitz Deposition Notice and Schedule A).[4]  The transcript is therefore plainly relevant to the German Proceeding—a fact that Abramowitz has not denied—including for impeachment purposes during the Evidentiary Hearing.[5]  Waldeck Decl., ¶ 10.

_____

[4] The Abramowitz Deposition Schedule identifies "Your [KT4's] misappropriation of Palantir's Trade Secrets, as alleged in the California Complaint" and "Your [KT4's] involvement in Marc Abramowitz's misappropriation of Palantir's Trade Secrets, as alleged in the California Complaint" as topics for examination.  Schedule at 3.  Pages 20 and 21 of the California Complaint attached to the Schedule alleges Abramowitz's European patent applications as among the technologies misappropriated by Abramowitz.

[5] The Delaware proceeding is captioned KT4 Partners LLC, et al. v. Palantir Technologies, Inc. (Case No. N17c-12-212-EMD-CCLD). When Palantir originally filed its application, and when it was subsequently granted, Abramowitz's deposition testimony did not exist.  Naturally, Palantir had therefore not requested it in its previous 1782

While Palantir already has the Abramowitz Deposition transcript, it cannot use it in the German Proceeding or even share it with its German counsel (or counsel representing it with respect to this Application) under the Delaware Protective Order, unless it is ordered to be produced pursuant to this Application.  And, Abramowitz cannot use the Delaware Action deposition transcript of Shyam Sankar, one of Palantir's witnesses in the German Proceeding.  In the hope of avoiding needless litigation, Palantir sought to agree with Abramowitz to mutually use the deposition transcripts from the Delaware Action in the German Proceeding.  Under Palantir's proposal, it would be able to use the transcript of the Abramowitz Deposition, and Abramowitz would be able to use the transcript of the deposition of Mr. Sankar.  See Rhee Decl., ¶ 12. For weeks, Abramowitz either ignored Palantir's request or refused to provide a substantive response.  Finally, on September 13, over three weeks after Palantir first raised the issue, Abramowitz declined the proposal.  See Rhee Decl., Ex. B-4 (Counsel Correspondence).

## III.     REQUESTED DISCOVERY

As set out in more detail in the proposed subpoena attached as Exhibit C to the Application, Palantir seeks the transcript of Abramowitz's deposition testimony given in connection with the Delaware Action, and any exhibits shown to Abramowitz in the course of that deposition. This deposition transcript and associated exhibits are reasonably likely to be relevant to the topics on which the German Court intends to gather evidence from Abramowitz and other witnesses during the upcoming German evidentiary hearing. Waldeck Decl., ¶ 10; see also Waldeck Decl., Ex. A-4 (Evidentiary Hearing Guidance Order) (detailing the topics on which the German Court will take evidence).  In particular, the German Court has ordered that Abramowitz be examined during the hearing regarding two defensive allegations he has raised in the German Proceeding: (1) that
_____
application.

Palantir's employees did not provide him with information regarding a finished technological invention, but rather a non-technical concept; and (2) that during the June 10, 2014 meeting between Abramowitz and one of Palantir's engineers, see supra at 6, Abramowitz was not provided additional details about the inventions disputed in the German Proceeding.   Waldeck Decl., Ex. A-4 (Evidentiary Hearing Guidance Order). Among the topics for Abramowitz's Delaware deposition was his misappropriation of Palantir's trade secrets, including through the filing of his patent applications.  Rhee Decl., Ex. B-3 (Abramowitz Deposition Notice and Schedule A).[6]  Accordingly, Abramowitz's sworn deposition testimony likely addresses the same or related factual disputes as the topics on which the German Court plans to examine him.   Therefore, the deposition transcript and related exhibits will contain key information for evaluating the reliability of Abramowitz's statements to the German Court, and Palantir seeks the production of the Abramowitz Deposition Transcript to use in the German Proceeding, including for purposes of impeachment.  See Waldeck Decl. ¶ 10.

## IV.   ARGUMENT

As demonstrated below, Palantir has satisfied all of Section 1782's statutory requirements, and the discretionary factors strongly favor granting the limited discovery requested here.

Section 1782 is "the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals."   Intel Corp., 542 U.S. at 247.   Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." Id. at 247-48; Appl. of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc., 747 F.3d 1262, 1268-69 (11th Cir. 2014); Brandi-Dohrn v. IKB

---

[6] See footnote 4 above.

Deutsche Industriebank AG, 673 F.3d 76, 80 (2d Cir. 2012) ("[T]he statute has, over the years, been given increasingly broad applicability.") (quotation marks omitted).  Today, Section 1782 allows a litigant in foreign proceedings to seek a "broad range of discovery" so as to "assist foreign tribunals in obtaining relevant information that the tribunals may find useful."  Intel, 542 U.S. at 259, 262.

To obtain discovery under Section 1782, a party to a foreign proceeding need only demonstrate: (1) that the request is made by an interested person (2) seeking evidence for use in a foreign proceeding and (3) that the person from whom discovery is sought is a resident in the district of the court receiving the application.  Intel, 542 U.S. at 255-63; In re Perez Pallares, 10-CV-02528-PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 20, 2010) (citing Schmitz v. Bernstein Liebhard & Lifshitz LLP, 376 F.3d 79, 83 (2d Cir.2004)).

Once Palantir establishes that the statutory requirements for Section 1782 relief are satisfied, this Court has discretion to grant the Application based on certain equitable considerations, including:  (i) whether the discovery sought is within the jurisdiction of the foreign proceeding, (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (iii) whether the Section 1782 request "conceals an attempt to circumvent foreign proof-gathering restrictions," and (iv) whether the request is otherwise "unduly intrusive or burdensome."  See Intel, 542 U.S. at 264-65.  Here, each of these discretionary factors supports granting Palantir's Application.

Further, district courts must exercise their discretion under Section 1782 in light of the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts."  Intel, 542 U.S. at 252 (citations omitted); Siemens AG v. Western Digital Corp., No. 8:13-cv-01407-CAS-(AJWx), 2013 WL 5947973, at *2 (C.D. Cal. Nov. 4, 2013)

("A district court's discretion is to be exercised in view of the twin aims of § 1782"). Thus, Section 1782 has been broadly interpreted to permit U.S. courts to grant wide assistance to foreign litigants. See, e.g., John Deere Ltd. v. Sperry Corp., 754 F.2d 132, 135 (3d Cir. 1985) ("The liberal intent to provide judicial assistance […] has been acknowledged as a primary statutory goal since section 1782's inception"); In re Appl. of Malev Hungarian Airlines, 964 F.2d 97, 100 (2d Cir. 1992) ("imposing an additional burden" on Section 1782 applicants would "undermine the policy of improving procedures for assistance to foreign and international tribunals.").

As demonstrated below, the court should exercise its discretion and grant Palantir its requested discovery. This exercise of discretion is particularly warranted here, where the foreign litigation arises directly out of Abramowitz's decisions made in the United States to misappropriate Palantir's valuable intellectual property in Europe, where a court has already found Section 1782 discovery to be proper, and where the requested discovery is exceedingly narrow.

## A.    Palantir's Application Meets the Section 1782 Requirements

As the California Court already found, in seeking discovery in aid of the German Proceeding, Palantir satisfies the three statutory requirements: Palantir is an "interested person" in the German Proceeding, which is a foreign proceeding, and through this Application Palantir seeks evidence from a discovery subject residing within this District. Intel, 542 U.S. at 246-49.  Palantir Techs., 415 F. Supp. 3d at 912.

### 1.    Palantir is an "Interested Person."

First, as Palantir is a party in the German Proceeding it has commenced, there is "no doubt" that it qualifies as an "interested person" within the meaning of Section 1782. See Intel, 542 U.S. at 256 (there is "[n]o doubt litigants are included among, and may be

the most common example of, the interested person.") (quotation marks omitted); Palantir Techs., 415 F. Supp. 3d at 912.

                2.      The Evidence Is For Use in a Foreign Proceeding.

Likewise, Palantir easily meets the requirement that the evidence sought through a Section 1782 application be for use in a foreign proceeding. The evidentiary hearing in connection with the German Proceeding, which will commence in October, satisfies the test for a foreign proceeding. See, e.g., Intel, 542 U.S. at 258 ("[t]he term 'tribunal' includes . . . conventional civil, commercial, criminal, and administrative courts") (citations omitted); Cryolife v. Tenaxis Medical, Inc., No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *1 (N.D. Cal. Jan. 13, 2009) (granting Section 1782 application for patent infringement action in the Dusseldorf Regional Court in Germany).

Nor is there any dispute that the evidence sought by this Application is for "use in" a foreign proceeding. To satisfy the "for use" prong, the evidence need only be relevant to the foreign proceeding. See Weber v. Finker, 554 F.3d 1379, 1384-85 (11th Cir. 2009) (1782 discovery requests need only comply with the Fed. R. Civ. P. 26 standard for relevancy); In re Perez Pallares, 2010 WL 4193072, at *1 (granting Section 1782 application where "petitioners have demonstrated that the requested discovery relates to an ongoing foreign proceeding"). The evidence need not actually, or even probably, be discoverable or admissible in the foreign proceeding. See Brandi-Dohrn, 673 F.3d at 82. Here, there can be no dispute that a transcript of Abramowitz's prior sworn testimony on topics likely to arise in the context of his testimony in the German Proceeding would be directly relevant to the German Proceeding and would be "of use" for the purposes of assessing the consistency and reliability of his testimony.

3.      The Discovery Subject is Located in the District of Colorado

The Discovery Subject can be found in this district.  Abramowitz currently resides in Colorado.   See Rhee Decl., Ex. B-4 (Counsel Correspondence).

**B.      The Intel Discretionary Factors Strongly Favor Granting Discovery.**

In this case, each of the four discretionary factors outlined by the Supreme Court in Intel, 542 U.S. at 264-65, strongly favors discovery.

1.      The German Tribunal May Not Compel Discovery of Evidence in the United States.

As the California Court recognized, where, as here, discovery sought through Section 1782 is not available in the foreign proceeding, the first Intel factor supports discovery.  Palantir Techs., 415 F. Supp. 3d at 912.  Although the Supreme Court in Intel referred to whether "the person from whom discovery is sought is a participant in the foreign proceeding," its reasoning – that "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence" – makes clear that the focus of the first discretionary factor is on whether the foreign tribunal can in fact compel production of the evidence sought, not merely on the party status of the respondent to a section 1782 application.   Id.  Courts in this district have accordingly considered both the party status of a section 1782 application respondent and the capacity of a foreign tribunal to compel production of evidence in weighing Intel's first factor.  See, e.g., Westjest Airlines, Ltd. v. Lipsman, No. 15-MC-00174-MSK-KMT, 2015 WL 7253043, at *3 (D. Colo. Nov. 17, 2015) (noting that "the requested information does not appear within the immediate reach of a Canadian tribunal" in weighing Intel's first factor); see also Palantir Techs., 415 F. Supp. 3d at 912 ("There is […] no rule that 1782 applications can only be granted where the party from whom discovery is sought is not a party to the foreign proceeding"); Gorsoan Ltd. v. Bullock, 652 F. App'x 7, 9 (2d Cir. 2016)

("[P]articipation in the foreign proceedings does not automatically foreclose § 1782 aid"); In re XPO Logistics, Inc., No. 15-MC-205 (LGS)(SN), 2017 WL 2226593, at *5 (S.D.N.Y. May 22, 2017), aff'd, No. 15 MISC. 205 (LGS), 2017 WL 6343689 (S.D.N.Y. Dec. 11, 2017) ("The import of Intel's first factor, however, is not only whether the foreign tribunal has jurisdiction over the party targeted by the § 1782 application, but whether the discovery sought is within the foreign tribunal's jurisdictional reach, and therefore accessible absent resort to § 1782"); In re Application of OOO Promnefstroy, No. M 19-99(RJS), 2009 WL 3335608, at *5 (S.D.N.Y. Oct. 15, 2009) ("[I]t is the foreign tribunal's ability to control the evidence and order production, not the nominal target of the § 1782 application, on which the district court should focus.").

Here, even though Abramowitz is a party to the German dispute, the German Court cannot compel the production of the evidence Palantir seeks. See Waldeck Decl., Ex. A-1 (2018 Waldeck Declaration), ¶¶ 12-13; Palantir Techs., 415 F. Supp. 3d at 913 ("Mr. Abramowitz has offered no evidence to rebut Palantir's evidence that the German court could not itself order this discovery."); cf. Cryolife, 2009 U.S. Dist. LEXIS 3416 at *7 ("[The parties] agree that the German court cannot force [the discovery target also party to the German proceeding] to produce documents"); In re Lufthansa Technick AG, No. C17-1453-JCC, 2019 WL 331839, at *2 (W.D. Wash. Jan. 25, 2019) (holding that the first discretionary factor weighed in favor of discovery when discovery target was a participant in the German proceeding); Heraeus Kulzer, GmbH v. Biomet, 633 F.3d 591, 596-97 (7th Cir. 2011) (authorizing Section 1782 discovery because the German litigant could not "obtain even remotely comparable discovery by utilizing German procedures"). As such, the "need for § 1782(a) aid" is "apparent." Intel, 542 U.S. at 264.

Further, Abramowitz and the documents targeted by this Application are located in the United States, making it more efficient to obtain that evidence through the compulsion

power of a U.S. court.  See In re Application of Proctor & Gamble Co., 334 F. Supp. 2d 1112, 1115 (E.D. Wis. 2004) (granting 1782 application to subpoena a party to a foreign proceeding in part because the evidence was located in the United States and could be more efficiently obtained through a U.S. court); In re Sociedad Militar Seguro de Vida, 985 F. Supp. 2d 1375, 1380 (N.D. Ga. 2013) (granting 1782 application against both parties and non-parties to a foreign proceeding to promote efficiency). [7]

The first discretionary factor thus supports the grant of discovery here.

### 2.   The German Tribunal Is Not Hostile To This Application.

In evaluating this factor, courts should find in favor of discovery absent a "clear directive" – meaning "authoritative proof" – from the foreign country's judicial, executive or legislative declarations that specifically rejects the use of evidence gathered under foreign proceedings.  See Salt Mobile S.A. v. Liberty Glob. Inc., No. 20-MC-00153-CMA, 2021 WL 2375864, at *4 (D. Colo. June 10, 2021) (citing Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1100 (2d Cir. 1995)); In re IPCom GMBH & Co. KG, No. 5:14-mc-80037-EJD-PSG, 2014 WL 12772090, at *3 (N.D. Cal. Apr. 10, 2014) (granting 1782 application where discovery target was a party to a German patent infringement proceeding and where "no suggestion that German judges are not receptive to U.S. discovery ha[d] been raised").  Here, not only is there no such clear evidence, but to the contrary, the German court has already accepted the submission of documents obtained through Section 1782.  See Waldeck Decl. ¶ 3; see also id. at Ex A-1 (2018 Waldeck

---

[7] See also In re Application of Auto-Guadeloupe Investissement S.A., No. 12-0221, 2012 WL 4841945, at *5 (S.D.N.Y. Oct. 10, 2012) (discovery warranted against party to a proceeding when French procedural law would not have provided for the same scope of discovery); Consorcio Minero S.A., v. Doe Run Resources Corp., No. 11-0583, 2011 WL 4550200, at *3 (E.D. Mo. Sept. 30, 2011) (Peruvian court's lack of compulsion power weighed in favor of granting Section 1782 application).

Declaration), ¶ 14.   District courts have previously granted 1782 requests in the context of German patent litigations, including in the context of Palantir's dispute with Abramowitz. See Palantir Techs., 415 F. Supp. 3d at 913-15; In re Ex Parte App. Varian Med. Sys Int'l AG, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *1 (N.D. Cal. Mar. 24, 2016); see also Heraeus, 633 F.3d at 597 ("[T]here is nothing to suggest that the German court would be affronted by [the applicant's] recourse to U.S. discovery or would refuse to admit any evidence, or at least any probative evidence").

### 3.   The Application Has Not Been Filed to Circumvent Any Law or Rule.

The Application is brought in good faith and does not seek to circumvent German restrictions with respect to foreign proof gathering or other polices.   See Waldeck Decl., Ex. A-1 (2018 Waldeck Declaration), ¶¶ 10, 15.   To the contrary, German law, which governs the parties' dispute, in no way prohibits the parties from seeking the assistance of the U.S. courts in collecting evidence.   See id. Waldeck Decl., Ex. A-1 (2018 Waldeck Declaration), ¶¶  14-17; Palantir Techs., 415 F. Supp. 3d at 915-16; In re Varian, 2016 WL 1161568 at *5 ("[Applicant] is unaware of any restrictions imposed by German courts in proof-gathering procedures that would prohibit it from obtaining and introducing the discovery it seeks through Section 1782.") (quotation marks omitted); In re IPCom, 2014 WL 12772090 at *3 ("U.S. courts have routinely granted applications under Section 1782 for discovery of evidence to be used in German proceedings."); In re Perez Pallares, 2010 WL 4193072, at *1 (granting section 1782 application where "there is no indication on the present record that petitioners' request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States") (quotation marks omitted).

4.    <u>The Discovery Requests Are Not Unduly Intrusive or Burdensome.</u>

Finally, the requested discovery is modest.  Palantir seeks only a single deposition transcript and associated exhibits, which Abramowitz has not denied to be relevant to the upcoming evidentiary hearing related to Palantir's claims in the German Proceeding. This discovery is focused and necessary for a fair and just resolution of the German Proceeding.  Indeed, it is far narrower than the previous Section 1782 discovery, which was found not to be unduly burdensome by the California Court.   <u>See Palantir Techs.</u>, 415 F. Supp. 3d at 916-17; <u>Salt Mobile</u>, 2021 WL 2375864, at *5 ("The Court finds that Petitioner's discovery requests are highly relevant to the claims it will bring in the Contemplated Swiss Proceedings and that they are sufficiently narrow in scope in scope and time […] to justify the burden of production imposed on Respondents"); <u>In re Servotronics, Inc.</u>, No. 2:18-MC-00364-DCN, 2021 WL 1521931, at *7 (D.S.C. Apr. 16, 2021) ("Whatever burden Boeing might incur by reviewing only three deposition transcripts for proprietary information is likely minimal.").  This factor too supports the grant of Palantir's Application.

\*        \*        \*

Accordingly, the <u>Intel</u> factors strongly favor the Court exercising its discretion to grant Palantir's Application.   Indeed, courts in this Circuit have routinely permitted discovery under Section 1782, when, as here, the applicant has satisfied the statutory requirements and the above factors weighed in favor of granting relief.   <u>See, e.g.</u>, <u>In re Kozuch v. Kozuch</u>, No. CV 1:18-MC-00086-WYD, 2018 WL 4376405, at *2 (D. Colo. June 7, 2018) (granting section 1782 application "[b]ecause all of the statutory requirements and discretionary factors related to section 1782(a) have been met"); <u>Interbrew Cent. Eur. Holding BV v. Molson Coors Brewing Co.</u>, No. 13-CV-02096-MSK-KLM, 2013 WL 5567504 (D. Colo. Oct. 9, 2013).

## V.    CONCLUSION

For the reasons set forth above, Palantir respectfully requests that this Court (i) grant this Application for Discovery Pursuant to 28 U.S.C. § 1782 with respect to the documents requested herein and in Exhibit C, (ii) order Abramowitz to produce said documents within 5 days of service of the subpoena; and (iii) grant such other and further relief as the Court deems just and proper.

September 15, 2021

SHOEMAKER GHISELLI + SCHWARTZ LLC

By:    *s/ Paul H. Schwartz*
Paul H. Schwartz
1811 Pearl Street
Boulder, CO 80302
(303) 530-3452
pschwartz@sgslitigation.com

FRESHFIELDS BRUCKHAUS DERINGER US LLP
David Y. Livshiz (*D. Colo. Bar application pending*)
Wang Jae Rhee (*D. Colo. Bar application pending*)
New York, New York 10022
Telephone: (212) 277-4000
david.livshiz@freshfields.com
wangjae.rhee@freshfields.com

*Attorneys for Petitioner Palantir Technologies Inc.*