**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Case No. 21-mc-00188-RM

In re Application of PALANTIR TECHNOLOGIES INC.
for an Order Pursuant to 28 U.S.C. § 1782 to Obtain
Discovery for Use in Foreign Proceedings

**STIPULATED ORDER**

Applicant Palantir Technologies ("Palantir") and Respondent Marc L. Abramowitz ("Abramowitz", and, together with Palantir, the "Parties") jointly submitted this Stipulated Order for the Court's consideration in the above-captioned matter (the "Action"). For the reasons below, the Court orders as follows:

**1.     PURPOSES AND LIMITATIONS**

The Parties have reached an agreement to resolve this matter by asking the Court to (1) grant the Application and Petition for an Order to Obtain Discovery Pursuant to 28 U.S.C. § 1782 (Dkt. 1) ("Application") as specifically set forth herein; (2) direct the parties to produce documents to one another as specifically set forth herein; and (3) confer agreed-upon confidentiality protections on the materials produced in this Action. More specifically, the Parties agree that the transcripts of the depositions of Marc Abramowitz and Shyam Sankar, and related exhibits, in *KT4 Partners LLC, et al. v. Palantir Technologies, Inc.* (Case No. N17c-12-212-EMD-CCLD) ("Delaware Action") and the declaration submitted by Sankar in proceedings before the United States Patent and Trademark Office, together with any exhibits referred to in that declaration, relating to the patents at issue in *Palantir Technologies, Inc. v. Marc L. Abramowitz*, pending in

the Regional Court Munich 1 in Munich, Federal Republic of Germany (file no. 21 O 11054/18) ("German Proceeding", and together with this Action, the "Litigations"), in support of which Palantir filed the Application and initiated this Action, shall be treated as confidential (the "Confidential Materials"), as provided for by this Stipulated Order.

This Stipulated Order does not entitle the Parties to any presumption that information designated as confidential hereunder and filed with the Court is entitled to continued restriction from public access; D.C.COLO.LCivR 7.2 sets forth the procedures that must be followed and the standards that will be applied when any information or items designated in this Action as "CONFIDENTIAL – COLORADO 1782" is filed with the Court and a designating party seeks permission from the Court to maintain restricted access.  However, before any Party seeks to file the Confidential Materials in this Court, they must first seek permission to do so under seal and shall not publicly file the Confidential Materials in any action before this Court without this Court's express permission. Furthermore, any Confidential Materials that become part of the public record in this Action will continue to be deemed Protected Material pursuant to Section 4 (SCOPE OF CONFIDENTIALITY PROTECTIONS).

2. **DEFINITIONS**

    2.1    **Abramowitz Deposition Transcript**: The transcript and exhibits from Abramowitz's October 1, 2020 deposition in the Delaware Action.

    2.2    **California Action:** The case captioned *Palantir v. Abramowitz et al.*, Case No. 5:19-cv-06879-BLF (N.D. Cal.).

    2.3    **California Order:** The order entered on March 15, 2021 at Docket 168 in the California Action.

2.4     **Counsel:** Counsel from the firms Shoemaker Ghiselli + Schwartz LLC, Freshfields Bruckhaus Deringer Rechtsanwälte Steuerberater PartG mbB, Freshfields Bruckhaus Deringer LLP, Freshfields Bruckhaus Deringer US LLP, Skadden, Arps, Slate, Meagher & Flom LLP, Hoffmann Eitle, and Williams and Connolly LLP that have been retained to represent the Parties in the Litigations.

2.5     **Delaware Order:** The order entitled "Order On Plaintiffs' Motion For an Order Holding Palantir in Contempt for Violating the Amended Order for the Production and Exchange of Confidential Information" that was entered on September 30, 2020 in the Delaware Action at Entry No. 86645574.

2.6     **Designating Party**: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in this matter as "CONFIDENTIAL – COLORADO 1782".

2.7     **Disclosure or Discovery Material**:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     **German Court:** The court adjudicating the German Proceeding.

2.9     **Non-Party:**  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Litigations.

2.10    **Party:** Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

**2.11  Producing Party**:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.12  Professional Vendors**:  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.13  Protected Material**:  (1) Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL – COLORADO 1782" or (2) any portion of the pleadings or submissions made by the Parties in the German Proceeding that cite, reference, quote, summarize, or otherwise use any Disclosure or Discovery Material that is designated as "CONFIDENTIAL – COLORADO 1782".

**2.14  Receiving Party**:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  ORDER GRANTING THE APPLICATION**

The Application is hereby granted as set forth in this Order. The Parties are directed as follows:

(1) Within two (2) business days of the entry of this Stipulated Order, Abramowitz shall produce to Palantir the Abramowitz Deposition Transcript; and

(2) Within two (2) business days of the entry of this Stipulated Order Palantir shall produce to Abramowitz (i) the transcript of Shyam Sankar's deposition on August 14, 2020 and related exhibits in the Delaware Action ("Sankar Deposition Transcript"), and (ii) the declaration of Shyam Sankar, together with any exhibits referred to in that declaration, submitted in proceedings

before the United States Patent and Trademark Office relating to the patents at issue in the German Proceeding ("Sankar USPTO Declaration").

All material produced by either Party pursuant to this Section shall be deemed Disclosure or Discovery Material, and upon designation by the Producing Party as confidential, shall be entitled to the confidentiality protections under this Order.

**4.     SCOPE OF CONFIDENTIALITY PROTECTIONS**

The confidentiality protections conferred by this Stipulated Order shall apply to the production and use of the Protected Material in the Litigations.

The protections conferred by this Stipulated Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Notwithstanding the foregoing, any Protected Material that becomes part of the public record in this Action shall continue to be deemed Protected Material entitled to the confidentiality protections under this Order, including the restrictions under Section 8.1(a) on the use of the Protected Material in the California Action.

This Stipulated Order shall not apply to any official transcript or official written record of any proceedings before the German Court, as well as any decision, order, decree, or judgment issued by the German Court.

Nothing in this Stipulated Order waives, modifies, or limits in any way the Parties' rights and obligations under the Delaware Order or the California Order.

**5.      DURATION**

Even after final disposition of the Litigations, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**6.      DESIGNATING PROTECTED MATERIAL**

**6.1    Confidentiality Designations**.  The Abramowitz Transcript, the Sankar Transcript, and the Sankar USPTO Declaration can be designated for protection under this Order by the Producing Party. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires that the Producing Party affix the legend "CONFIDENTIAL – COLORADO 1782" to each page that contains Protected Material.

**6.2    Inadvertent Failures to Designate**.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**8.     ACCESS TO AND USE OF PROTECTED MATERIAL**

    **8.1     Basic Principles**.

        **(a)**     A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle the Litigations. However, either Party may seek the production of or to use the Abramowitz Deposition Transcript, or any Protected Material citing, referencing, quoting, summarizing, or otherwise using the Abramowitz Deposition Transcript, in the California Action, with permission from the court adjudicating the California Action or alternatively by submitting any such documents in the California Action with all Protected Material redacted. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

        **(b)**     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    **8.2     Disclosure of "CONFIDENTIAL – COLORADO 1782" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – COLORADO 1782" only to:

        **(a)**     The Receiving Party's Counsel, as well as employees of said Counsel or any Professional Vendor to whom it is reasonably necessary to disclose the information for the Litigations;

        **(b)**     Expert witnesses retained by the Parties for the German Proceeding;

        **(c)**     The Court and its personnel;

**(d)** Court reporters and their staff; and

**(e)** The German Court and its personnel.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN UNRELATED LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that does not also involve the other Party ("Unrelated Litigation"), where the subpoena or court order compels disclosure of any information or items designated in this Action as "CONFIDENTIAL – COLORADO 1782," the Party served with the subpoena or court order must:

**(a)** Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; and

**(b)** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Order. Such notification shall include a copy of this Stipulated Order.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order in the Unrelated Litigation shall not produce any information designated in this Action as "CONFIDENTIAL – COLORADO 1782" before a determination by the court in the Unrelated Litigation from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and the circumstances surrounding such disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person(s) to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **FINAL DISPOSITION**

Within 60 days after the final disposition of the Litigations, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival

```
```

copies that contain or constitute Protected Material remain subject to this Stipulated Order as set forth in Section 5 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October 12, 2021.

*s/ Paul H. Schwartz*
Paul H. Schwartz
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, Colorado 80302
(303) 530-3452
pschwartz@sgslitigation.com

*s/ Paul A. Hoversten*
Paul A. Hoversten
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202)434-5000
phoversten@wc.com

*s/ David Y. Livshiz*
David Y. Livshiz
Wang Jae Rhee
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
(212) 277-4000
david.livshiz@freshfields.com
wangjae.rhee@freshfields.com

*Attorney for Respondent Marc L. Abramowitz*

*Attorneys for Petitioner Palantir Technologies Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

This 14th day of October, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**print or type full name**], of _____ [**print or type full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Order that was issued by the United States District Court for the District of Colorado on [**date**] in the case of *In re Application of Palantir Technologies Inc. for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings* (Case No. 1:21-mc-00188-RM). I agree to comply with and to be bound by all the terms of this Stipulated Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [**print or type full name**] of _____ [**print or type full address and telephone number**] as my Colorado agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____